# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

STERLING ACCEPTANCE CORPORATION,
*Plaintiff-Appellant,*

v.

TOMMARK, INCORPORATED, d/b/a
Sterling Associates, Incorporated,
*Defendant-Appellee.*

No. 02-2251

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-01-2921-H)

Argued: February 25, 2004

Decided: March 30, 2004

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Harry Brett Siegel, Columbia, Maryland, for Appellant.
John Paul Moran, SWIDLER, BERLIN, SHEREFF, FRIEDMAN,
L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Jun Y. Lee,
ROSENBERG, KLEIN & LEE, Ellicott City, Maryland, for Appel-
lant. Matthew A. Pater, SWIDLER, BERLIN, SHEREFF, FRIED-
MAN, L.L.P., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Sterling Acceptance Corporation appeals from the summary judgment entered against it on its federal and state trademark infringement and unfair competition claims.[1] The pertinent underlying facts are adequately set forth in the district court's order, *see Sterling Acceptance Corp. v. Tommark, Inc.*, 227 F. Supp. 2d 454 (D. Md. 2002), which we now affirm.[2]

Federal Rule of Civil Procedure 56(c) provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We review a district court's grant of summary judgment de novo, viewing all facts and inferences in a light most favorable to the nonmoving party. *Hill v. Lockheed Martin Logistics Mgt., Inc.*, 354 F.3d 277, 283 (4th Cir. 2004) (en banc).

In ruling on Tommark's summary judgment motion, the district court recognized that likelihood of confusion is a necessary element of each of Sterling's claims, and it evaluated the seven factors commonly utilized in this circuit for determining likelihood of confusion. 227 F. Supp. 2d at 460-65. The district court found on the record presented that although three of these factors favored Sterling, the other

---

[1]Sterling asserted three claims against Tommark, Incorporated in its amended complaint: (1) federal trademark infringement (15 U.S.C. § 1114); (2) false designation of origin (15 U.S.C. § 1125(a)); and (3) common law infringement and unfair competition.

[2]The district court also granted in part Tommark's motion to strike portions of certain affidavits submitted by Sterling. *See* 227 F. Supp. 2d at 459-60. Sterling has not appealed that ruling.

four factors favored Tommark. *Id.* The district court further found that the four factors that favored Tommark were entitled to more weight than the three factors that favored Sterling and that "[t]he cumulative weight of all seven factors favors [Tommark]." *Id.* at 466. In light of these findings, the district court concluded that "a reasonable jury could not on the record [presented] find that there exists a likelihood of confusion between [Sterling's] registered trademark and [Tommark's] mark," and it accordingly granted Tommark's summary judgment motion. *Id.* at 461.[3]

We have carefully considered the district court's order in light of the record, the controlling law, and the parties' briefs and oral arguments. For the reasons set forth in the district court's order, we conclude that the district court correctly determined that Sterling failed to present sufficient evidence on the issue of likelihood of confusion to withstand Tommark's summary judgment motion. Because likelihood of confusion is a necessary element of each of plaintiff's causes of action, the district court properly granted summary judgment in favor of Tommark. We therefore affirm.

*AFFIRMED*

---

[3]The district court alternatively granted summary judgment in favor of Tommark because Sterling failed to present evidence to establish that it would be entitled to actual damages, an accounting, or injunctive relief. 227 F. Supp. 2d at 466-68. In light of our determination on the issue of liability, we need not decide whether Tommark was also entitled to summary judgment on these grounds.